1002

## FITZGERALD v. SANFORD.
### No. 1987.

District Court, N. D. Georgia,
Atlanta Division.

July 6, 1944.

Thomas Fitzgerald, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner is now being held upon a four-year sentence passed in the United States District Court for the District of New Jersey on July 22, 1942 upon his plea of guilty to an indictment charging bank robbery. Petitioner had previously been sentenced in the United States District Court for the Middle District of Pennsylvania for bank robbery on October 17, 1937, to a term of six years, but was conditionally released from this sentence on December 23, 1941.

He was, however, upon release, taken into immediate custody and removed to the United States District Court of New Jersey where the first mentioned sentence was imposed.

Petitioner's sole ground for writ of habeas corpus and his only contention is that the two sentences should have been aggregated in order to determine the good time to which he was entitled. Petitioner has earned all of his good time, and if his contention is correct, he would be entitled to his discharge at this time.

The period of parole under conditional release lapsed without any violation of parole or forfeiture of good time, so that the Pennsylvania sentence has been completely served. The period of parole, however, had not lapsed at the time the New Jersey sentence was imposed, but he was committed on this sentence alone to the penitentiary and has not been since his conditional release, and is not now held under any sentence but the New Jersey sentence.

The applicable statute provides that, "When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated." 18 U.S.C.A. § 710.

Petitioner contends that under the rule in the case of Anderson v. Corall, 263 U. S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247, he was serving his first sentence during a part of the time he was serving his second sentence, though one service was on parole and the other in the penitentiary, and that, therefore, the two terms should be aggregated for the purpose of computing his good time.

In the Corall case, the Court said, "The parole authorized by the statute does not suspend service or operate to shorten the term. While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term, less allowance, if any, for good conduct. While this is an amelioration of punishment, it is in legal effect imprisonment." 263 U.S. 196, 44 S. Ct. 44.

It will be noted that in Section 710 of 18 U.S.C.A., the following language is used, "Each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary or jail, * * *, for a definite term, other than life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be en-

titled to" the deductions provided by law, and then follows the provision previously quoted to the effect that two or more sentences shall be aggregated to determine the basis of his deduction.

I think the intent of the statute is to restrict the right to aggregate sentences, for computation of good time, to cases where the sentences sought to be aggregated are sentences being served while "confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary," et cetera, and that the provision does not apply to sentences not being served while so confined, so that a sentence served on parole can not be considered in connection with sentences being served in the penitentiary for the purpose of computing good time.

The foregoing being the only ground of habeas corpus alleged and being found without merit, the writ will be discharged.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is hereby discharged and petitioner remanded to the custody of respondent.